THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRUCE DEREK SPRING,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS HABEAS PETITION**<br><br>Case No. 2:23-cv-00880-JNP<br><br>District Judge Jill N. Parrish |

Petitioner, Bruce Derek Spring, appearing *pro se*, petitions this court for habeas corpus relief from his 2024 felony conviction of possession of a stolen vehicle. *See* 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal district courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. Respondent has moved to dismiss Petitioner's case because Petitioner has failed to properly exhaust his state remedies.

The court concludes that the Utah Supreme Court has not yet been afforded a fair opportunity to address any of Petitioner's post-conviction claims. Therefore, none of Petitioner's claims have been exhausted for the purposes of AEDPA review. *See Selsor v. Workman*, 644 F.3d at 1026 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Nor has Petitioner carried his burden to show that pursuing state corrective processes would have been futile. *See Id.* Thus, Respondent's motion to dismiss is GRANTED.

## CLAIMS

Construed liberally,[1] the Second Amended Complaint asserts six claims:

**Claim 1:** Respondents violated Petitioner's Fourth Amendment right to be free from illegal search and seizure on September 1, 2023, when the Weber and Morgan County Narcotics Task Force searched 1122 34th Street, Ogden, Utah[2] and arrested Petitioner without a warrant. Second Amended Complaint at 2, ECF No. 12.

**Claim 2:** Respondents violated Petitioner's Fourth Amendment rights by failing to adhere to Utah procedural rules for holding suspects arrested without a warrant by holding him without bail and failing to provide him a copy of the information prior to the court entering a not guilty plea on his behalf. *Id*. at 2.

**Claim 3:** Respondents violated Petitioner's state and federal rights to a speedy trial by holding him from September 15, 2023 (when he demanded a speedy trial) until April 4, 2024 (when the Utah district judge told him that he would remain in custody for at least another month unless he negotiated a plea). *Id*. at 3.

**Claim 4:** The trial court violated Petitioner's due process rights by entering a not guilty plea on his behalf prior to providing him a copy of the information against him, and prior to affording him an opportunity to consult an attorney in violation of Utah law. *Id*. at 3-4.

---

[1] Petitioner's pro se pleadings are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

[2] According to the Information in the Underlying Case, 1122 34th Street, Ogden, Utah was registered with Adult Probation and Parole as Petitioner's address at the time of the search and arrest. See ECF No. 15-2, at 2. The original (verified) Petition acknowledged that Petitioner lived there at the time of his arrest. (ECF No. 6, at 7). Although the (verified) Second Amended Petition now claims that Petitioner is a resident of Pennsylvania, it does not deny that he resided at 1122 34th Street, Ogden, Utah at the time he was arrested. (ECF No. 16, at 12).

**Claim 5:** Petitioner's conviction under Utah Code section 76-6-408(2) (the "Pawnbroker statute")

was unlawful because there is no evidence that he was engaged in commercial activity. *Id*. at 4.

The Second Amended Petition also alludes to a jurisdictional defect, arguing that the state

of Utah lacked jurisdiction to prosecute him because he claims residency in Pennsylvania.

## BACKGROUND[3]

In 1994, Petitioner was convicted of multiple counts of armed bank robbery and associated

charges. *See* Second Superseding Indictment, *United States v. Spring*, no. 93-CR-215 S, dkt. no.

45 (Dist. Utah Jan. 5, 1994); Verdict, *id*. dkt no. 143. According to Petitioner, while he was

incarcerated he

> obtained 11 college degrees, received certifications in all trades
> available in federal prison, taught English & numerous other courses
> for the last ten years of his sentence and ultimately litigated his own
> release and the release of ten other prisoners through post-
> conviction relief. All the while becoming and facilitating programs
> such as the seven habits of highly effective people and the
> alternative to violence program (AVP).
>      Defendant was released immediately—40 years early—in
> November 2018.

Defendant's Motion with Factual Background, *State v. Spring*, No. 231902566, dkt. no. 19, p. 1

(Utah 2d Dist. Sept. 28, 2023). Petitioner was placed on a term of 60 months supervised release

beginning November 29, 2018. Report, *United States v. Spring*, no. 93-CR-215 S, dkt. no. 246

(Sept. 16, 2019).

On May 7, 2023, Petitioner was arrested in Wasatch County and charged with felony

counts of receiving a stolen vehicle in violation of Utah Code section 41-1a-1316, possession of a

---

[3] For the purpose of this order, the court relies on filings in the instant proceeding, as well as taking judicial notice of filings in *United States v. Spring*, No. 93-CR-215 S (Dist. Utah, Aug. 12, 1993); *State v. Spring*, No. 231902566 (Utah 2d Dist. Sept. 1, 2023) (the "Underlying Proceeding") and *State v. Spring*, No. 231500104 (Utah 4th Dist. July 19, 2023) (the "Wasatch County Case").

firearm by a restricted person, and two misdemeanors. Information, *State v. Spring*, case no. 231500104, dkt. no. 1 (Utah 4th Dist. May 8, 2023). On May 24, 2023, the state dismissed the misdemeanor charges and Petitioner pled to third-degree felony counts of possession of a stolen trailer and possession of a firearm by a restricted person. Statement, *id*. dkt. no. 11 (May 24, 2023). Petitioner was sentenced to a suspended term of 0-5 years and placed on 36 months of probation. Sentence, *id*. dkt. no. 26 (July 19, 2023).

The Underlying Proceeding began on September 1, 2023, when Petitioner was detained as he was parking a vehicle that had been reported stolen at his residence in Weber County. Information, *State v. Spring*, No. 231902566, dkt. no. 1 (ECF No. 15-2). According to the statement of probable cause, Petitioner's probation officer authorized a search of his residence, which revealed suspected methamphetamine and associated paraphernalia. *Id*. at 2. Petitioner was subsequently arrested.

Later that evening, Utah Magistrate Judge Christina Ortega issued an order finding that probable cause existed for the arrest, that Petitioner was on probation at the time of the alleged offense and that substantial evidence supported the felony charge. Order to Hold Without Bail, *Id.* dkt. no. 4 (Sept. 5, 2023). On September 5, 2023, the State of Utah charged Petitioner with a second-degree felony count of theft by receiving stolen property in violation of section 76-6-408(2) of the Utah Code and two drug related misdemeanors. Information (ECF No. 15-2).

On September 6, in the Wasatch County Case, Adult Probation and Parole requested a judicial hold be placed on Petitioner based on the allegations in the Underlying Proceeding and Petitioner's failure to comply with other terms of his probation. *State v. Spring*, Case no. 231500104, dkt no. 30 (Sept. 7, 2023). On September 7, the Wasatch County judge issued a warrant for Petitioner's arrest and set bail at $20,000. *Id*. dkt. no. 29 (Sept. 7, 2023).

On September 18, 2023, in the Underlying Proceeding, Petitioner, represented by counsel, waived his preliminary hearing and reading of the Information in the Weber County case. Minutes, *State v. Spring*, No. 231902566, dkt. no. 14 (Sept. 22, 2023). Later that day, Petitioner's counsel indicated to the court that the parties had reached a resolution. The State proposed to dismiss the misdemeanor counts and recommend Petitioner's sentence run concurrent with any other cases and probation violations. *Id*. The district court relied on the Statement of Guilty Plea, the Certificate of Counsel, and a colloquy to approve the proposed plea agreement. See *Id*. However, the minutes of the hearing note that Petitioner did "not agree with the factual basis." *Id*. The plea agreement could not be concluded, and Petitioner remained in custody. Trial was set for April 2024.

On September 21, 2023, Petitioner embarked on a campaign of pro se motions and correspondence with the court. Many of Petitioner's pro se filings include the assertion that the trial judge had verbally authorized his request to represent himself on September 18, 2018.[4] Petitioner's pro se filings to the trial court asserted all of the claims that he would eventually use in his Second Amended Petition in this proceeding.

For example, on September 28, Petitioner filed a motion to dismiss alleging multiple due process violations and notified the court of his intent to exhaust his legal remedies in state court in preparation for a federal habeas petition. Motion, *id.* dkt no. 19 (Sept. 28, 2023). Petitioner also complained that his due process rights had been violated because the court had failed to provide him a copy of the information, and he had not had a preliminary hearing. *Id*. at 3. Petitioner also complained that the judge had entered a plea of not guilty on his behalf even though his only

---

[4] Petitioner filed a written waiver of counsel on November 9, 2023. Waiver, *id*. dkt. no. 38. (Nov. 9, 2023).

statement to the court had been "I do not understand." *Id*. Finally, Petitioner notified the court that he needed to exhaust federal claims in state court and requested appointment of new counsel. *Id*.

A few days later, Petitioner filed correspondence with the court arguing that he had been charged under the wrong statute. Petitioner argued that he should have been charged with misdemeanor possession of a stolen vehicle under Utah Code section 76-6-404.5 rather than a felony under section 76-6-408(2), which he contended only applies to commercial actors. Correspondence, *id*. dkt. no. 21 (Oct. 2, 2023). Petitioner also complained that when he brought this to the attention of his public defender, he was told: "I do not know what you wrote with your pea brain but you are guilty of 76-6-408(2) + (3A11) as charged. Plead to 1 to 15 years or I will make sure you are screwed over." *Id*. Petitioner asked the court take judicial notice of his intent to file a federal habeas petition under 28 U.S.C. § 2241. *Id*.

Petitioner filed another letter to the court on October 2. Petitioner argued that his counsel had been ineffective for failing to provide him a copy of the charging document and for advising him to plead guilty to the wrong charges. Notice, *id*. dkt. no. 22, at 3-4 (Oct. 2, 2023).

On October 10, Petitioner filed a pro se motion for a bail hearing and a speedy trial. Motion, *id*. dkt. no. 24 (Oct. 10, 2023).

On November 15, Petitioner filed a pro se motion to dismiss for failure to state a claim under Utah Rule of Criminal Procedure 12(b)(6). Motion, *id*, dkt. no. 33 (Nov. 15, 2023). The motion consolidated several of the pro se motions, requests and correspondence Petitioner had lodged with the court over the preceding months. Petitioner also objected to the jurisdiction of the criminal court (based on Petitioner's his personal refusal to consent to contract with the corporate entity of the state of Utah), complained that his court appointed counsel had provided ineffective assistance, and reasserted his motion for bail and a speedy trial.

6

On December 4, 2023, Petitioner initiated this proceeding as a pre-trial detainee. Petitioner alleged that his pre-trial detention violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights, as well as various rights under Utah state law. Petitioner's argument that Utah code section 76-6-408 only applies to commercial entities remained central to his arguments. ECF No. 12. Petitioner eventually amended his pleadings, twice, after he pled guilty and his motion to withdraw his plea had been denied.

Petitioner's pending federal action did not stop his pro se campaign in state court. Petitioner filed a motion to dismiss for lack of standing on December 18, 2023. Motion, *State v. Spring,* Case No. 231902566, dkt. no. 51 (Dec. 18, 2023). Petitioner's motion argued that the state of Utah did not have jurisdiction to prosecute him for crimes because he did not consent to enter into contract with it as a corporate entity. *Id*. at 2. The motion also argued that Utah's criminal laws were unconstitutional because they abridge his federal privileges and immunities. *Id*. at 3. Petitioner summarized his arguments from previous filings and alleged that the trial judge was not impartial. Id. at 3-4.

On December 28, 2023, Petitioner filed an interlocutory appeal of the denial of his December 18th motion. See Docket, *Spring v. State*, No. 20231152-CA (Utah Ct. App. Dec. 12, 2023) The Court of Appeals denied the interlocutory appeal on January 25, 2024.

Petitioner continued to challenge his prosecution in the trial court. On February 2, Petitioner filed another motion to dismiss reasserting his argument that the term "actor" as used in the charged statute did not apply to him because he was not engaged in commercial activity, and that the state lacked jurisdiction to prosecute him because he did not consent to their jurisdiction. *State v. Spring,* Case No. 231902566, dkt. no. 85 (Feb. 2. 2024).

On March 8, 2024, Petitioner reiterated his claim that he could not have committed the

charged offense because there was no evidence that he was engaged in commercial activity as required under his understanding of Utah Code section 76-6-408(2). Notice, *State v. Spring*, no. 231902566, dkt. no. 117 (Mar. 8, 2024).

On April 4, 2024, the trial court entered a change of plea. *State v. Spring*, no. 231902566, dkt. no. 136 (Apr. 4, 2024). The misdemeanor charges were dismissed and Petitioner pled guilty (or no contest) to a third-degree felony of "Attempted Theft/Receiving – firearm or operable motor vehicle." *Id*. at 1.

Petitioner signed a Statement of Defendant in Support of Guilty Plea, *State v. Spring*, no. 231902566, dkt. no. 138, at 6 (Apr. 4, 2024). The document acknowledged that he was pleading guilty to the third-degree felony theft by receiving stolen property charge. *Id*. at 1. In the Statement, Petitioner admitted he "was found in Weber County in possession of the automobile of another without explanation of the possession." *Id*. at 2. The statement also included a waiver of the right to a speedy trial (p. 3) and an acknowledgement that his no contest plea could result in consecutive sentencing with crimes for which he was on probation (p. 4).

Prior to sentencing, Petitioner filed a pro se motion to withdraw his plea. Motion, *State v. Spring*, no. 231902566, dkt. no. 147 (May 13, 2024) (ECF No. 15-4). Petitioner argued that his plea should be withdrawn because the court had failed to enter findings of fact at the plea hearing, because he had not been advised of his right to a speedy trial, and because the court failed to advise him that his no contest plea could violate his probation. *Id*. The prosecution opposed the motion to withdraw the plea by citing to the pages of the written plea agreement refuting each contention. Opposition, *State v. Spring*, no. 231902566, dkt. no. 158 (June 5, 2024). On June 13, 2024, Petitioner withdrew his motion to withdraw his plea and "request[ed] to go forward with sentencing." Minutes (ECF No. 15-5, at 1). Petitioner was sentenced to an indeterminate term of

8

0-5 years (with 287 days credit for time served). *Id*. 1-2.

Petitioner filed a timely direct appeal. Notice, *State v. Spring*, Case No. 20240711-CA, (Utah Ct. App. July 2, 2024). The Court of Appeals issued a *sua sponte* motion for summary dismissal on July 22, 2024. Docket, *State v. Spring*, Case No. 20240711-CA, (Utah Ct. App. July 22, 2024).

Petitioner opposed the motion for summary dismissal. Opposition, (ECF No. 15-6). Petitioner argued that the statute to which he had pled guilty section 76-6-408 applied only to commercial entities and was therefore "unconstitutional and/or void for vagueness [sic]" when applied to him. (ECF No. 15-6, at 2). Petitioner also argued that the trial court lacked jurisdiction to convict him because the charged offense only applied to commercial entities. *Id*. at 3. Petitioner referenced his complaints that he had been held "for nearly a year without bail" in violation of his right to a speedy trial under the Fifth and Fourteenth Amendments. *Id*. at 3 Finally, Petitioner complained that the trial judge denied his motion to withdraw his plea. *Id*. at 4.

The Utah Court of Appeals summarily dismissed the appeal for lack of appellate jurisdiction. The Court of Appeals reasoned that "a defendant who pleads no contest 'waives the right to a direct appeal of the conviction on the crime charged.'" Order of Summary Dismissal, *Utah v. Spring*, Case No. 20240711-CA (Utah Court App. Aug. 12, 2024) (quoting U.C.A. § 77-13-6(2)(c) (2024) (deemed unconstitutional by the Utah Supreme Court in *State v. Rippey*, 2024 UT 45)) (ECF No. 15-7).

Petitioner did not petition the Utah Supreme Court for review of the summary dismissal.

Meanwhile, on November 27, 2024, Respondents filed a motion to dismiss the federal habeas petition for Petitioner's failure to exhaust his claims in state courts. (ECF No. 15).

The docket for Petitioner's underlying criminal case reflects that shortly after receiving

Respondent's motion to dismiss, Petitioner submitted a "Petition for Relief under the Post-Conviction Remedies Act." *State v. Spring*, No. 231902566, Dkt. no. 185 (Utah 2d Dist. Dec. 10, 2024) (the "State Petition"). The court has found no evidence that Utah courts have opened a civil case pursuant to the State Petition. No action appears to have been taken in response to the State Petition in the criminal case. See Docket, *State v. Spring*, no. 231902566 (Sept. 1, 2023). Approximately two weeks after his State Petition was filed in Petitioner's criminal case, Petitioner opposed the motion to dismiss the federal habeas petition, arguing that further efforts to engage the Utah state courts would be futile. (ECF No. 16) Petitioner has not supplied the court with any evidence that he made any effort to follow up on his State Petition.

## ANALYSIS

### I.    EXHUASTION

Petitioner has not exhausted any of his claims as required by the AEDPA because he has not afforded the Utah Supreme court a fair opportunity to review them. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "A state prisoner generally may not raise a claim for federal habeas corpus relief unless he 'has exhausted the remedies available in the courts of the State.'" *Selsor v. Workman*, 644 F.3d at 1026 (quoting 28 U.S.C. § 2254(b)(1)(A)). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). "To exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d at 1026 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845

10

(1999)). If a person in state custody has not properly exhausted state remedies, the federal courts ordinarily decline to entertain an application for a writ of habeas corpus unless exhaustion would have been futile. *Id*. "The state prisoner bears the burden of proving that he exhausted state court remedies, or that exhaustion would have been futile." *Id*. (citations omitted).

In December of 2023, Petitioner filed an interlocutory appeal arguing that the state of Utah lacked standing to bring a criminal case against him as a citizen of Pennsylvania. Notice, *State v. Spring*, No. 231902566, dkt 56 (Dec. 26, 2023). Petitioner's interlocutory appeal was denied on January 25, 2024. See Docket, *Spring v. State,* No. 20231152-CA, (Dec. 12, 2028). Petitioner did not petition the Utah Supreme Court for certiorari review of his interlocutory appeal.

Petitioner eventually pled no contest to a third-degree felony charge of receiving a stolen vehicle in violation of Utah Code section 76-6-408(2) and (3)(a)(ii). Statement of Defendant in Support of Guilty Plea, *State v. Spring*, No. 231902566, dkt. no. 138 (Utah 2d Dist. Apr. 4, 2024). The trial court found the plea to have been entered knowingly and voluntarily. *Id*. p. 7.

According to Petitioner, the trial judge refused to consider Petitioner's motion to withdraw his plea. Objection to Sua Sponte Motion for Summary Disposition, *Spring v. State*, Case No. 20240711-CA (Utah Ct. App. Jul. 30, 2024) (ECF No. 15-6). Petitioner appealed his conviction pursuant to plea, but the Utah Court of Appeals summarily dismissed the appeal for lack of appellate jurisdiction. The Court of Appeals reasoned that "a defendant who pleads no contest 'waives the right to a direct appeal of the conviction on the crime charged.'" Order of Summary Dismissal, *State v. Spring*, Case No. 20240711-CA (Utah Court App. Aug. 12, 2024) (quoting U.C.A. § 77-13-6(2)(c) (2024) (deemed unconstitutional by the Utah Supreme Court in *State v. Rippey*, 2024 UT 45)) (ECF No. 15-7). Petitioner did not present his direct appeal to the Utah Supreme Court.

11

Petitioner may have attempted to initiate a state petition for post-conviction relief through the PCRA. *See State v. Spring*, No. 231902566, dkt. no. 184 (Utah 2d Dist. Dec. 19, 2024). But the court only found his State Petition by conducting an independent search of state litigation involving Petitioner. The State Petition is lodged in Petitioner's trial court docket but does not appear to have been filed as a new proceeding, and it does not appear any action has been taken on the petition. Petitioner has not argued in this court that he attempted to file a PCRA petition and has not provided the court with any evidence that he ever followed up on his apparently misfiled and aborted State Petition.

To date, Petitioner has not exhausted any claims as required by the AEDPA because he has not afforded the Utah Supreme Court a fair opportunity to review them.

## II.    FUTILITY

A prisoner may establish the futility of state remedies by showing either that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Selsor v. Workman*, 644 F.3d at 1026 (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i),(ii)).

Petitioner claims an exemption to the exhaustion requirement by asserting the conclusory statement that efforts to exhaust his claims in state court would have been futile: "Petitioner has attempted to resolve this issue before both district courts -numerous times- the Utah Court of Appeals and the Utah Attorney General's Office on two separate occasions to no avail. If it was possible to attempt to exhaust state civil remedies, it would be futile." Reply, at 6 (ECF No. 16). Petitioner offers no analysis to support this argument.

Petitioner has not shown that it would have been futile to present his direct appeal to the Utah Supreme Court. To exhaust a claim, a state prisoner must pursue it through 'one complete

round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d at 1026 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Petitioner asks this court to excuse his failure to exhaust his state remedies because lower courts were unreceptive to his arguments. But rejection by lower courts is the primary path to a court of last resort. Petitioner's proposed rule would eliminate the requirement to ever present claims to the state supreme court. Litigants who are successful in the lower courts have no need to avail themselves of their right to appeal. Petitioner has failed to satisfy his burden to show that attempts to exhaust would have been futile.

Further, recent developments in Utah law suggest that the Utah Supreme Court may have been receptive to Petitioner's attempt to withdraw his plea. The Utah Court of Appeals rejected Petitioner's direct appeal because at the time Petitioner was sentenced, the Utah Code of Criminal Procedure only allowed defendants to withdraw a plea of no contest prior to sentencing. UTAH CODE § 77-13-6(1) (2024). After sentencing, the only remedy available to a defendant who had pled guilty (or no contest) was to challenge his conviction under the Utah Post-Conviction Remedies Act, U.C.A § 78B-9 (PCRA). *See* UTAH CODE § 77-13-6(2)(c)(2024); *State v. Helbach*, 2004 Utah App. LEXIS 438, *4 ("If a defendant does not timely request to withdraw his plea, any challenge to the plea must be made pursuant to rule 65C and the PCRA").

On August 12, 2024, the Utah Court of Appeals summarily rejected Petitioner's direct appeal, citing lack of jurisdiction. Order of Summary Dismissal, *Utah v. Spring*, Case No. 20240711-CA (Utah Court App. Aug. 12, 2024) (ECF No. 15-7). The Court of Appeals reasoned that "a defendant who pleads no contest 'waives the right to a direct appeal of the conviction on the crime charged.'" *Id*. (quoting U.C.A. § 77-13-6(2)(c) (2024) (deemed unconstitutional by the Utah Supreme Court in *State v. Rippey*, 2024 UT 45)). Petitioner did not file for certiorari.

13

Petitioner has not met his burden to show that recourse to the Utah Supreme Court would have been futile. In fact, almost contemporaneously with Petitioner's window to petition for certiorari, the Utah Supreme Court overturned the statute relied on by the Utah Court of Appeals to summarily reject jurisdiction for Petitioner's direct appeal. Petitioner had until September 12, 2024 to petition the state supreme court for certiorari. See Utah. R. Civ. P. 48 ("A petition for a writ of certiorari must be filed with the Supreme Court clerk within 30 days after the Court of Appeals' final decision is issued.") However, on September 8, 2024, the Utah Supreme Court heard arguments in *State v. Rippey*, 2024 UT 45. On December 27, 2024, the Utah Supreme court issued a decision invalidating the subsection cited by the Utah Court of Appeals to reject Petitioner's appeal. *State v. Rippey*, 2024 UT 45, ¶ 21. ("[W]e hold that the legislature unconstitutionally created a procedural rule when it enacted subsection (2)(b) and the related waiver contained in subsection (2)(c) of the [Utah Code section § 77-13-6].") Utah Code section 77-13-6 has now been amended. *See* UTAH CODE § 77-13-6 (2025). A defendant may now withdraw a guilty (or no contest) plea with leave of the court and a showing that the plea was not made knowingly or voluntarily. *Id*.

Petitioner has provided no analysis, nor supplied the court with any authority by which to make the determination that presenting his direct appeal to the Utah Supreme Court would have been futile. Therefore, Petitioner fails to carry his burden to show that it would have been futile to present his direct appeal to the Utah Supreme Court. Further, the Utah Supreme Court indicated its possible receptivity to his motion to withdraw his plea when it invalidated the statute relied upon by lower courts to refuse Petitioner's motion to withdraw his plea.

## CONCLUSION

Petitioner's claims are currently unexhausted. And he has not carried his burden to show

14

that recourse to the Utah courts would have been futile. Therefore, Petitioner fails to show why his

procedural default should be excused.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss is **GRANTED.**

The Petition for habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

DATED September 3, 2025.

BY THE COURT

JUDGE JILL N. PARRISH
United States District Court